UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN RODRIGUEZ,

    Petitioner,

v.                                                  CASE NO. 8:13-CV-1245-T-27MAP
                                                  CRIM. CASE NO. 8:07-CR-244-T-27MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Before the Court are Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) and memorandum of law in support of the Section 2255 motion (CV Dkt. 2), the Government's Motion to Dismiss (CV Dkt. 5), and Petitioner's response in opposition (CV Dkt. 6). Upon consideration, the Government's Motion to Dismiss is GRANTED, and Petitioner's Section 2255 motion is DISMISSED.

## PROCEDURAL BACKGROUND

In June 2007, Petitioner was charged by Indictment with one count of possession with intent to distribute 500 grams or more of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2 (CR Dkt. 1). In November 2007, a jury found Petitioner guilty as charged (CR Dkt. 82). In January 2008, Petitioner was sentenced to one hundred eighty-eight (188) months imprisonment to be followed by sixty (60) months of supervised release (CR Dkts. 101, 102).

Petitioner appealed. On February 12, 2009, the United States Court of Appeals for the Eleventh Circuit affirmed (CR Dkt. 128); *United States v. Rodriguez*, 312 Fed. Appx. 205 (11th Cir.

2009).

On May 9, 2013, this Court received Petitioner's Section 2255 motion and memorandum of law (CR Dkts. 135, 136; CV Dkts. 1, 2). However, the Section 2255 motion was dated "June 21, 2009" (CV Dkt. 1 at p. 7), and the memorandum included a Certificate of Service that indicated, in pertinent part, that "a copy of said motion was mailed to the United States Attorney office on June 21, 2009." (CV Dkt. 2 at p. 12). The Court therefore directed the Government to file a limited response addressing solely the timeliness of the Section 2255 motion (CV Dkt. 3). The Government filed its Motion to Dismiss, arguing that the Section 2255 motion is time-barred (CV Dkt. 5), and Petitioner filed his response in opposition, arguing that his Section 2255 motion is timely because he delivered it to prison officials for mailing on June 21, 2009 (CV Dkt. 6).

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996. The AEDPA added a new statutory limitations period to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied*, 531 U.S. 971 (2000). Section 28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001). "[F]or federal criminal defendants who do not file a petition for certiorari with [the United States Supreme Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003). *See also Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002) (holding that a judgment becomes "final" when the time for filing a petition for writ of certiorari expires).

After the Eleventh Circuit affirmed Petitioner's conviction on February 12, 2009, Petitioner did not seek certiorari review in the United States Supreme Court. Therefore, his judgment of conviction became final on May 13, 2009, when the ninety-day period for seeking certiorari review expired. *Clay v. United States*, 537 U.S. at 532; *Kaufmann v. United States*, 282 F.3d at 1339. Petitioner therefore had one year from that date, until May 13, 2010, to timely file a Section 2255 motion. The Section 2255 motion and supporting memorandum were not received by this Court until May 9, 2013, nearly three years after the expiration of the one-year limitation period. Consequently, the Section 2255 motion is time-barred unless 1) it is considered filed on June 21, 2009, the date on which the Section 2255 motion and memorandum of law allegedly were signed and (according to Petitioner) delivered to prison officials for mailing to the Court, or 2) equitable tolling applies.

This case turns on whether Petitioner is entitled to the benefit of the prison "mailbox rule." In *Houston v. Lack*, 487 U.S. 266 (1988), the Supreme Court held that where a prisoner has "done all that could reasonably be expected to get the [document] to its destination" within the required

time it should be considered 'filed' when handed to a prison official for mailing. *Houston*, 487 U.S. at 270 (citation omitted). The "mailbox rule" applies to Section 2255 motions. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). In this circuit, the mailbox rule applies even when the motion "is never received or filed by the court." *Gracey v. United States*, 131 Fed.Appx. 180 (11th Cir. 2005) (quoting *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001)).

The "mailbox rule" is codified in Rule 3(d), Rules Governing Section 2255 Proceedings for the United States District Court, which states:

> A paper filed by an inmate confined in an institution is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

If a prisoner follows these procedures, the burden shifts to "prison authorities to prove the date a prisoner delivered his documents to be mailed." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (citing *Garvey v. Vaughn*, 993 F.2d 776, 781 (11th Cir. 1993)). Absent evidence to the contrary, district courts must assume that a prisoner's motion was delivered to prison authorities the day he signed it. *Id.*

The Court concludes that Petitioner is not entitled to the benefit of the mailbox rule with respect to his Section 2255 motion and memorandum of law because he did not comply with the requirements of Rule 3(d). Neither the Section 2255 motion nor the memorandum of law includes a declaration pursuant to the mailbox rule, setting forth the date Petitioner delivered the motion to prison officials for mailing and a statement that Petitioner prepaid the postage (see CV Dkts. 1, 2). Although the memorandum includes a Certificate of Service which states, in pertinent part, that "a

copy of said motion was mailed to the United States Attorney office on June 21, 2009[,]" the Certificate of Service does not indicate that the motion and memorandum were delivered to prison officials for mailing and that postage has been prepaid (see CV Dkt. 2 at p. 12). Additionally, Petitioner's sworn statement in his response indicates that he "handed his legal mail to a [sic] officer at Coleman Low institution [sic] in the year of 2009. . .," but is silent as to 1) the exact date on which the legal mail was delivered, 2) the nature of the legal mail and to whom it was sent,[1] and 3) whether postage was prepaid.[2] Consequently, because Petitioner has failed to provide a declaration that complies with Rule 3(d), he is not entitled to the presumption that his Section 2255 motion and memorandum of law were filed on June 21, 2009, pursuant to the mailbox rule.

Even if Petitioner was entitled to the presumption, that presumption is rebutted by ample evidence establishing that Petitioner did not deliver his Section 2255 motion and memorandum of law to prison officials for mailing on June 21, 2009. First, this Court has no record of receiving a Section 2255 motion or memorandum of law from Petitioner until May 9, 2013.[3]

---

[1] *Houston* held that a prisoner's notice of appeal is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding *to the court clerk*." *Houston*, 487 U.S. at 275-76 (emphasis added). Petitioner does not expressly allege that he mailed the motion and memorandum to this Court. Therefore, he is not entitled to the benefit of the mailbox rule.

[2] To be entitled to the benefit of the mailbox rule, the required statement must indicate *both* the date on which the document was delivered to prison officials for mailing and that postage has been prepaid. *See United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004) (the mailbox rule "requires the declaration to state only two things; 50% is not enough. The postage requirement is important: mail bearing a stamp gets going, but an unstamped document may linger."); *United States v. Smith*, 182 F.3d 733, 734 n.1 (10th Cir. 1999) (refusing to apply the mailbox rule "because Smith's declaration of a timely filing did not, as required, 'state that first-class postage has been prepaid.'") (citing Fed. R. App. P. 4(c)(1)).

[3] By itself, the fact that there is no evidence that the Section 2255 motion and memorandum were received by the Court prior to May 2013, is insufficient to rebut the presumption that Petitioner delivered those items for mailing. *See Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1241 (11th Cir. 2002) ("[A] party's failure to uncover an item, which it was presumed to have received, does not mean that it never received the item and does not rebut the presumption of delivery."). Nevertheless, this Court "may take into account any and all relevant circumstances. . .in deciding whether [a *pro se* prisoner's document] was delivered to the prison authorities." *Allen v. Culliver*, 472 F.3d 1196, 1198 (11h Cir. 2006).

Second, in making the determination whether Petitioner delivered his Section 2255 motion and memorandum for mailing on June 21, 2009, this Court "may take into account any and all relevant circumstances, including any lack of diligence on the part of [Petitioner] in following up in a manner that would be expected of a reasonable person in his circumstances. . . ." *Allen v. Culliver*, 471 F. 3d at 1198. Petitioner contends that he "mailed his Motion for post-convion [sic] relief off in June [sic] 21 [sic] 2009, and since then his family members has [sic] called the clerk of court on many occasions to get a status up [sic] date, but how ever [sic] [Petitioner] just recently became aware of the fact that his Motion was just recently filed in the court In [sic] the year of 2013." (CV Dkt. 6 at p. 1). He does not, however, provide 1) the names of the family members who allegedly called the clerk, 2) the dates on which the family members allegedly called the clerk, 3) the information the family members received from the clerk, and 4) the information the family members provided to Petitioner regarding the status of his Section 2255 motion. Additionally, Petitioner does not allege, and the Court's records do not reflect, that Petitioner himself ever attempted to contact the Court in any manner to inquire about the status of his Section 2255 motion during the nearly four year period after he allegedly mailed the motion and memorandum. A reasonably diligent person in Petitioner's circumstances, having received no information that his Section 2255 motion had been received by the Court, would have inquired with the Court about the matter, and would have documented his efforts to communicate with the Court after his family members "called the clerk of court on many occasions to get a status update." Therefore, Petitioner's substantial lack of diligence in following up on the status of his Section 2255 motion weighs heavily in favor of a finding that the Section 2255 motion and memorandum of law were not delivered to prison officials for mailing on June 21, 2009.

Third, and perhaps most telling, a significant portion of the language in Petitioner's memorandum of law clearly was pulled nearly verbatim from the opinion in *United States v. Delgado*, 631 F.3d 685 (5th Cir. 2011), that was issued on January 19, 2011.[4] Because Petitioner would have had to have read *Delgado* before delivering his Section 2255 motion and memorandum of law to prison authorities for mailing, the Court finds that Petitioner did not deliver those documents to prison officials for mailing to this Court on June 21, 2009. Rather, the Court finds that Petitioner mailed those documents to this Court in May 2013.[5]

In sum, Petitioner is not entitled to the benefit of the mailbox rule, and he presents no credible evidence the he actually delivered his Section 2255 motion and memorandum of law to prison officials for mailing on June 21, 2009. Ample evidence strongly suggests that Petitioner did not mail his Section 2255 motion and memorandum until May 2013. The Court therefore finds that Petitioner did not deliver a Section 2255 motion and memorandum to prison officials on June 21, 2009. Accordingly, the Section 2255 motion is time-barred unless Petitioner can demonstrate that he is entitled to equitable tolling of the limitation period.

The limitations period under § 2255(f) is subject to equitable tolling. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (holding that "[e]quitable tolling is appropriate when

---

[4]For example, on page 5 of Petitioner's memorandum, Petitioner states "It is axiomatic [sic] that a conspiracy conviction may not rest on an agreement with a government informer...As it takes two to conspire, there can be no indicatable [sic] conspiracy with a government informer who secretly intends to frustrate the conspiracy Sears v. United States, 343 F. 2d 139, 142, [5th Cir. 1965]." (CV Dkt. 2 at p. 5). This language is pulled directly from *Delgado* which states, in pertinent part, "It is axiomatic that a conspiracy conviction may not rest on an 'agreement' with a government informer. '[A]s it takes two to conspire, there can be no indictable conspiracy with a government informer who secretly intends to frustrate the conspiracy.' *Sears v. United States*, 343 F.2d 139, 142 (5th Cir. 1965)." *Delgado*, 631 F.3d at 694.

[5]The Court takes judicial notice that May 2013 is the date of the U.S. Postal Service postmark stamped on the envelope that contained Petitioner's Section 2255 and memorandum of law received by this Court on May 9, 2013.

a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). Petitioner, however, has not alleged or shown any extraordinary circumstances to warrant equitable tolling. Consequently, the Section 2255 motion is time-barred.

### EVIDENTIARY HEARING

The Court concludes that Petitioner has offered no reason to believe that an evidentiary hearing would help him prove that he delivered his Section 2255 motion and memorandum of law to prison officials for mailing on June 21, 2009. Accordingly, Petitioner is not entitled to an evidentiary hearing. *See Drew v. Department of Corrections*, 297 F.3d 1278, 1293 n.7 (11th Cir. 2002) (Petitioner's allegations that he sent letters to the Clerk's office and pursued his case diligently was "not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support, especially when the evidence that has been presented undermines the petitioner's claim.") (citations omitted).

Accordingly, it is **ORDERED** that:

1. The Government's Motion to Dismiss (CV Dkt. 5) is **GRANTED**. The motion to vacate pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DISMISSED** as time-barred.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA.

Id. "A [COA] may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Petitioner cannot make the requisite showing because he cannot demonstrate that reasonable jurists would debate whether the Court's ruling that the Section 2255 motion is time-barred was correct, or whether the Section 2255 motion stated a substantial denial of a constitutional right. And because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, on __June 8th__, 2015.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy furnished to:
Petitioner *pro se*
Counsel of Record